2004 OK CR 15

**Sherri Lynn GAINES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–2002–1440.

Court of Criminal Appeals of Oklahoma.

March 12, 2004.

Russell G. Bills, Marlow, Counsel for Appellant at trial.

Jerry Herberger, Assistant District Attorney, Stephens County, Duncan, Counsel for the State at trial.

Lisa Watson Lance, Pauls Valley, Counsel for Appellant on appeal

W.A. Drew Edmondson, Attorney General of Oklahoma, Keeley L. Harris, Assistant Attorney General, Oklahoma City, Counsel for the State on appeal.

## SUMMARY OPINION

LUMPKIN, J.

¶ 1   Sherri Lynn Gaines was tried by jury in the District Court of Stephens County, Case Number CF–2002–72, and convicted of the following crimes: Attempted Manufacture of CDS (Count I), in violation of 63 O.S.2001, § 2–401(G); Conspiracy to Manufacture CDS (Count II), in violation of 63 O.S.2001, § 2–408; and Child Endangerment (Count III), in violation of 21 O.S.2001, § 852.1(A).   The jury set punishment at life in prison and a $50,000.00 fine on each of Counts I and II, and four (4) years imprisonment and a $4,000.00 fine on Count III. The trial judge sentenced Appellant accordingly, ordering Counts I and II to be served concurrently, but consecutive to Count III.

¶ 2   Appellant raised eight proposition of error in her brief.[1]  She also filed an amended motion to supplement and request for evidentiary hearing with attached affidavit. Therein, Appellant raised numerous claims relating to ineffective assistance of counsel, actual conflict of interest, and mutually antagonistic defenses between she and her jointly represented co-defendants.

¶ 3   On November 3, 2003, we remanded the case to the District Court of Stephens County on certain points raised in Appellant's brief, motion to supplement, and request for evidentiary hearing.   Pursuant to Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2001), we found the record and attachments in support of the Rule 3.11 motion were sufficient to warrant a remand for evidentiary hearing on the issue of ineffective assistance of trial counsel.

¶ 4   Before the evidentiary hearing was held, the parties apparently met in an effort to reach an agreed resolution of the case.[2] On December 15, 2003, Appellant's appellate counsel and the Stephens County District Attorney's Office filed a joint motion for modification of sentence, or, in the alternative, to allow Appellant to withdraw her appeal "with an Order vesting jurisdiction with the District Court to modify Appellant's sentence."   Should both requests be denied, Appellant requested additional time to conduct the evidentiary hearing.

¶ 5   In the joint motion, Appellant's counsel and the Stephens County Assistant District Attorney represented that the parties had "reached an agreement regarding modification" of Appellant's sentence.   The proposed modification was as follows:   twenty five (25) years imprisonment and a $50,000 fine (plus costs) on each of Counts I and II; two (2) years imprisonment and a $4,000 fine (plus costs) on Count III;   all sentences to run concurrently;   and an understanding that Appellant would receive the benefit of earned credits accumulated since her incarceration.

¶ 6   Although signed by the attorneys, Appellant had not signed the order, acknowledged she had been fully advised regarding the consequences of her actions, or waived her rights to jury trial, appeal, and her claims of conflict.   Furthermore, the Oklahoma Attorney General's Office had not filed any document indicating its position on this matter.   We therefore ordered the record supplemented with evidence from those parties documenting their positions.

¶ 7   On January 16, 2004, the Oklahoma Attorney General's Office filed a Notice indicating it did not oppose the jointly proposed modification of sentence.   The Attorney Gen-

---

1.   Appellant claimed:  trial counsel was ineffective;  the granting of the State's motion to consolidate and the denial of her motion to withdraw violated 6th Amendment guarantees;  the trial court erred by failing to conduct an *in camera* hearing as to the existence of a conspiracy and statements by alleged co-conspirators;  trial counsel's admission of Appellant's guilt constituted reversible error;  the evidence was insufficient to prove a conspiracy to manufacture CDS existed;  the evidence was insufficient to prove Appellant attempted to manufacture CDS;  Appellant's

punishment shocks the conscience and is disproportionate;  and the accumulation of error.

2.   Curiously, on November 13, 2003, the Stephens County Assistant District Attorney filed a Motion to Compel Appellant's Counsel to Withdraw, due to alleged inherent conflicts of interest arising from this Court's order remanding for evidentiary hearing.  Based on the agreed resolution of the issues on appeal, that motion is denied.

eral's Office indicated its staff had been made aware of the joint proposal at the time it was being negotiated.

¶ 8 On January 26, 2004, this Court received a "Consent to Modification of Sentence" from Appellant, indicating: she has full knowledge of the contents of the Motion for Modification of Sentence filed on December 15, 2003; she is in full agreement with the proposed modification (set forth above); she is fully aware the modification, if granted, would bar her from reasserting a direct appeal of the sentences; she was given the opportunity to discuss the modification and consequences of accepting the same with her attorney; she is fully aware of potential conflicts of interest in being jointly represented by her counsel; she waived any potential conflicts of interest; she believes her attorney is acting in her best interests; and she desires her sentence to be modified as proposed.

¶ 9 Therefore, after thoroughly considering these matters and the entire record before us, including the original record, transcripts, and briefs of the parties, we find the joint motion and consent to modification of sentence resolves all issues pending on appeal, the motion should be granted, and we modify Appellant's sentences, as set forth below.

### DECISION

¶ 10 The judgments and sentences on Counts I, II, and III are hereby **AFFIRMED**, but the sentences on each of Counts I and II are hereby **MODIFIED** to twenty-five (25) years imprisonment, a $50,000 fine, plus all costs. Furthermore, the sentence on Count III is hereby **MODIFIED** to two (2) years imprisonment, a $4,000 fine, plus all costs, and the three sentences shall run concurrently with each other. Furthermore, Appellant shall receive the benefit of all earned credits accumulated since her incarceration.

JOHNSON, P.J., LILE, V.P.J., and CHAPEL and STRUBHAR, JJ., concur.